84 Woodbine Street Realty Corp. v. Commissioner.
84 Woodbine St. Realty Corp. v. Commissioner
Docket No. 250-62.
United States Tax Court
T.C. Memo 1963-262; 1963 Tax Ct. Memo LEXIS 83; 22 T.C.M. (CCH) 1324; T.C.M. (RIA) 63262; September 26, 1963
*83 Held, an involuntary sale of petitioner's real property occurred on August 7, 1957, at the time the City of New York acquired title to its property upon the issuance by the Supreme Court of the State of New York of its order of condemnation. 44 West 3rd Street Corporation, 39 T.C. 809 (1963), on appeal (C.A. 2, May 13, 1963) followed. Held further, that the receipt by petitioner of a condemnation award did not constitute the retirement of an "evidence of indebtedness" within the meaning of sec. 1232(a)(1), I.R.C. 1954. Held further, gain realized from the condemnation of petitioner's property does not qualify for nonrecognition under sec. 337(a), I.R.C. 1954. Charles *84 C. Cohen, 1 Wall St., New York, N. Y., for the petitioner. Warren S. Shine, for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: Respondent determined a deficiency in petitioner's income tax for 1958 in the amount of $23,481.43. The sole issue presented for our decision is whether gain realized by petitioner from the condemnation of its real property by the City of New York qualifies for nonrecognition under section 337(a) of the Internal Revenue Code of 1954. All of the facts have been stipulated and are hereby found as stipulated. Petitioner is a corporation organized under the laws of the State of New York on February 26, 1940, to acquire and hold certain real property. It filed its income tax return for the taxable year January 1, 1958 to August 21, 1958, with the director of internal revenue at Brooklyn, New York. On April 26, 1940, petitioner purchased a parcel of improved real estate located at 84 Woodbine Street, Brooklyn, New York. In July 1957 the City of New York, sometimes hereinafter referred to as the City, commenced condemnation proceedings in the Supreme Court of the State of New York, County of Kings, sometimes *85 hereinafter referred to as the Supreme Court, pursuant to its condemnation laws and authorization of the Board of Estimate. A notice of the pendency of the proceedings was duly filed in the Office of the Clerk, County of Kings, on July 16, 1957. The proceedings were known as: In the Matter of the Application of THE CITY OF NEW YORK, relative to acquiring title, where not heretofore acquired to certain real property required for a School Site, for school and recreational purposes, located in the block generally bounded by Woodbine Street, Evergreen Avenue, Madison Street and Bushwick Avenue, being Block 3358, Lots 16 * * * PUBLIC SCHOOL No. 299 in the Borough of Brooklyn, City of New York. A copy of the City's application was duly served on petitioner on or before July 17, 1957. On August 7, 1957, the City took title to petitioner's real property upon the granting by the Supreme Court on that date of the City's application for an order to condemn the property and to have just compensation therefor ascertained. No one appeared in opposition to the application. On February 24, 1958, petitioner adopted a plan of complete liquidation. On March 3, 1958, it filed a return (Form *86 966) with the director of internal revenue at Brooklyn, New York. On April 14, 1958, the Supreme Court, after a trial which was concluded on March 6, 1958, rendered its final decree fixing the amount of the condemnation award for petitioner's property in the amount of $112,500. On July 8, 1958, the City of New York paid petitioner $112,500 plus interest in the amount of $4,031.50 for the period from August 7, 1957 to July 8, 1958. The abovestated amounts comprised substantially all of petitioner's assets. On August 21, 1958, 84 Woodbine Street Realty Corp. was dissolved under the laws of the State of New York by filing with the Secretary of State of New York a Certificate of Dissolution. On August 28, 1958, petitioner distributed all its assets to its stockholders, except for approximately $10,000 which it retained as a reserve for contingencies. The final distribution to its stockholders took place in August 1960. In its return for the taxable year January 1 to August 21, 1958, petitioner listed net long-term capital gain realized from the sale of its real property in the amount of $97,957.21, but did not include any part of that amount in its taxable income, with the following *87 explanation: "Corporation dissolved under section 337 of Code, thereby rendering above profit non-taxable by corporation." In his notice of deficiency, respondent determined that petitioner realized net long-term capital gain from the condemnation sale of its real property in the amount of $93,925.71, and further determined that that entire amount is includable in its taxable income for the taxable year January 1 to August 21, 1958. Section 337(a) of the Internal Revenue Code of 1954 provides that if: (1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and (2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims, then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period. Petitioner claims that the "sale or exchange" of its property occurred on April 14, 1958, at the time the Supreme Court of New York rendered its final decree fixing the amount of the condemnation award for the taking of petitioner's property *88 and since this date occurred subsequent to the adoption by it of a plan of complete liquidation, the gain realized from the involuntary sale of its property qualified for nonrecognition under section 337(a). The respondent has determined that the "sale or exchange" by petitioner of its property took place on August 7, 1957, at the time the City of New York acquired title to its property upon the issuance by the Supreme Court of the State of New York of its order of condemnation. Inasmuch as petitioner did not adopt a plan of complete liquidation until February 24, 1958, under the respondent's position it could not qualify under section 337(a) for nonrecognition of the gain realized. The issue before us is not novel. This Court, as well as two United States District Courts, has recently considered the question here presented. In 44 West 3rd Street Corporation, 39 T.C. 809 (1963), on appeal (C.A. 2, May 13, 1963), which involved facts practically identical to those before us, we held that for purposes of section 337(a) a condemnation "sale" of real property taken by the City of New York, pursuant to the same condemnation code as is here applicable, occurred at the time *89 the condemnation decree was entered and title vested in the City. Further, in cases involving facts substantially similar to those here presented, the United States District Courts for both the Northern and Southern Districts of New York likewise have held that an involuntary sale of condemned property takes place at the time title vests in the public authority acquiring the property. Wood Harmon Corporation v. United States, 206 F. Supp. 773 (S.D. N. Y. 1962), affd. on other grounds 311 F. 2d 918 (C.A. 2, 1963); Driscoll Bros. & Co. v. United States, - F. Supp. - (N.D. N. Y. Aug. 2, 1963); Dwight v. United States, - F. Supp. - (N.D. N. Y. Aug. 2, 1963). Petitioner's contention is that a sale of property realistically cannot be held to have occurred until the amount of consideration to be conveyed by each party to the transaction has become fixed and therefore a sale of condemned property cannot take place until the amount of compensation has been determined. This contention was considered by us in our decision in 44 West 3rd Street Corporation, supra, and we see no reason to repeat here the reasoning employed in our opinion in that case. *90 Petitioner further argues that if it was not a sale, the condemnation transaction here in question constituted an "exchange" of property within the meaning of section 337(a) and that the purported exchange was completed on April 14, 1958, when the Supreme Court of New York entered its decree fixing the amount of the compensation award. However, as we noted in 44 West 3rd Street Corporation, supra, it is well established that for tax purposes condemnation proceedings are regarded as "sales," and petitioner does not suggest any persuasive reason for a departure from this well settled characterization of such transactions. The normal concept of an exchange requires the reciprocal transfer of property rather than a transfer of property for a monetary consideration as was the case here. See sec. 1.1002-1(d), Income Tax Regs.
Petitioner's final contention is that in the event we do not hold that the condemnation proceeding here in question resulted in an exchange of property which was completed as of April 14, 1958, then in the alternative the proceeding resulted in the "retirement" of an "evidence of indebtedness" and therefore constituted an *91 exchange of property within the meaning of section 1232(a)(1) of the 1954 Code [1] as of July 8, 1958, at the time of receipt by petitioner of the compensation previously awarded it by the Supreme Court of New York. We are not aware of any authority which would suggest that the obligation of the City of New York to pay just compensation for the taking of petitioner's property constitutes a bond, debenture, note, certificate, or other *92 evidence of indebtedness within the meaning of section 1232(a), and petitioner cites none. The House Committee Report accompanying the enactment of the provisions of section 117(f) of the Revenue Act of 1934 states: Subsection (f) provides that amounts received upon the retirement of corporate bonds and similar evidences of indebtedness shall be considered as amounts received in exchange therefor. [Italics added.] [H. Rept. No. 704, 73d Cong., 2d Sess., p. 31 (1934), 1939-1 C.B. (Part 2) 577.] The condemnation decree by which the Supreme Court of New York awarded petitioner compensation on April 14, 1958, in the amount of $112,500 for the taking of its property clearly was not the type of public indebtedness contemplated by Congress in the enactment of section 1232(a) (and its forerunner, section 117(f) of the Revenue Act of 1934). The award was not created pursuant to an exercise of the borrowing power of the City of New York. It arose rather from the City's constitutional obligation to pay just compensation for the taking of private property. Thus it is apparent that the award of compensation entered on April 14, 1958, by the Supreme Court of New York and paid *93 on July 8, 1958, did not constitute an "evidence of indebtedness" within the meaning of section 1232(a) of the Code. Cf. Richard T. Graham, 36 T.C. 612 (1961), affd. 304 F. 2d 707 (C.A. 2, 1962). It may well be true, as petitioner suggests, that to hold that an involuntary sale of its property took place at the time of entry of the condemnation decree and consequent passing of title to the City of New York on August 7, 1957, which was prior to the adoption by petitioner of any plan of complete liquidation, may make the application of section 337 difficult in some cases. The same argument was made by the taxpayer in Driscoll Bros. & Co. v. United States, supra, and we are in agreement with the statement made by the District Court for the Northern District of New York: In concluding that the sale here took place on August 15, 1955 when title passed by the filing of the map in the Clerk's office, the court has not overlooked the fact that Section 337 is remedial in its nature. If its purpose is thwarted in condemnation actions, where title is taken on short notice or no notice at all, the remedy would seem to be by amendment rather than by judicial construction *94 which may well upset long accepted precedents where a sale agreement is made which involves the determination of the sale price at a later date. We therefore are of the opinion that our decision in 44 West 3rd Street Corporation, supra, is dispositive of the issue here presented and we accordingly hold that the condemnation sale here in question occurred on August 7, 1957, upon the vesting of title to petitioner's property in the City of New York. Inasmuch as the condemnation sale took place prior to the adoption by petitioner of its plan of complete liquidation, the gain realized upon the involuntary sale of its property to the City of New York does not qualify for nonrecognition within the meaning of section 337(a). Decision will be entered for the respondent. Footnotes
1. SEC. 1232. BONDS AND OTHER EVIDENCES OF INDEBTEDNESS. (a) General Rule. - For purposes of this subtitle, in the case of bonds, debentures, notes or certificates or other evidences of indebtedness, which are capital assets in the hands of the taxpayer, and which are issued by any corporation, or government or political subdivision thereof - (1) Retirement. - Amounts received by the holder on retirement of such bonds or other evidences of indebtedness shall be considered as amounts received in exchange therefore (except that in the case of bonds or other evidences of indebtedness issued before January 1, 1955, this paragraph shall apply only to those issued with interest coupons or in registered form, or to those in such form on March 1, 1954).↩